# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | |
|---|---|
| In re:<br><br>Q'MAX AMERICA INC., *et al.*,[1]<br><br>                Debtors.<br><br>Christopher R. Murray,<br>Chapter 7 Trustee,<br><br>                Plaintiff<br><br>v.<br><br>Wise Services, Inc.,<br><br>                Defendant. | Chapter 7<br><br>Case No. 20-60030 (CML)<br><br>**(Jointly Administered)**<br><br>**(Oral Argument Requested)**<br><br><br><br>Adversary No. 21-06011 |

## WISE SERVICES, INC.'S MOTION TO DISMISS ADVERSARY PROCEEDING

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

Wise Services, Inc. ("Wise"), defendant in this adversary proceeding, moves to dismiss the Trustee Christopher R. Murray's ("Trustee") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as incorporated by Federal Rule of Bankruptcy Procedure 7012(b) for failure to state a claim. This motion is supported by the following Memorandum of Points and Authorities and accompanying exhibits. Pursuant to Rule 7012(b), Wise "consent[s] to the entry of final orders or judgment by the bankruptcy court" in this adversary proceeding. *See* Fed. R. Bankr. P. 7012(b).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Q'MAX America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

18954508

**TABLE OF CONTENTS**

**Page(s)**

I. FACTUAL AND PROCEDURAL BACKGROUND ...................................................... 1

II. LEGAL STANDARD .................................................................................................... 2

III. ARGUMENT .................................................................................................................. 3

    A. The Trustee's claim for violation of the Texas Deceptive Trade Practices Act, fraud, and negligent misrepresentation must be dismissed for failure to comply with Federal Rule of Civil Procedure 9(b). ............................. 3

    B. The Trustee has not stated a plausible claim for breach of contract because he has failed to point to any specific contractual provision that Wise violated. ................................................. 7

    C. The Trustee has not stated a claim for relief for quantum meruit because he provided no service to Wise. ........................................................................................................... 8

    D. The Trustee's unjust enrichment claim is not legally cognizable, and thus, must be dismissed. ............................................... 9

    E. The Trustee's claim that transfers from the bankruptcy estate can be avoided pursuant to 11 U.S.C. § 549 fails because a transfer can only be avoided under § 549 where it was debtor-initiated. ................................................................ 9

    F. The Trustee cannot prevail in a turnover proceeding brought under 11 U.S.C. § 542(b) because his claim for $1,106,406 is still in dispute. ................................................... 10

IV. CONCLUSION ............................................................................................................ 11

18954508

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*40235 Washington St. Corp. v. Lusardi*,
   329 F.3d 1076 (9th Cir. 2003) ........................................................................................ 10

*In re Abusaad*, 309 B.R. 895 (Bankr. N.D. Tex. 2004) ...................................................... 10

*In re Am. Int'l Refinery*, 402 B.R. 728 (Bankr. W.D. La. 2008) ......................................... 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................ 2, 3

*B-F Invs. v. Jaynes, Reitmeier, Boyd & Therrel, P.C.*,
   No. 01-95-00685-CV, 1996 WL 434011 (Tex. App. Aug. 1, 1996) ............................. 8

*Argyle ISD ex rel. Bd. of Trustees v. Wolf*,
   234 S.W.3d 229 (Tex. App. 2007) ................................................................................. 9

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*,
   343 F.3d 719 (5th Cir.), *opinion modified*, 355 F.3d 356 (5th Cir. 2003) .................... 4

*Blessett v. Garcia*, 816 F. App'x 945 (5th Cir. 2020) ......................................................... 7

*Brooks v. Excellence Mortg., Ltd.*, 486 S.W.3d 29 (Tex. App. 2015) ................................ 7

*Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates
Series 2006-24*, 866 F.3d 351 (5th Cir. 2017) ................................................................. 4

*Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407 (5th Cir. 2006) ................................ 3

*Collins & Aikman Floorcoverings, Inc. v. Thomason*,
   256 S.W.3d 402 (Tex. App. 2008) ................................................................................. 8

*Davis v. OneWest Bank N.A.*,
   No. 02-14-00264-CV, 2015 WL 1623541 (Tex. App. Apr. 9, 2015) ............................ 9

*In re DePugh*, 409 B.R. 125 (Bankr. S.D. Tex. 2009) ...................................................... 10

*United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325 (5th Cir. 2003) .................. 6, 7

*Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95 (Tex. App. 2013) ..................................... 9

*Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734 (S.D. Tex. 1998) ..................... 4

TABLE OF AUTHORITIES (continued)

*GE Cap. Com., Inc. v. Worthington Nat'l Bank*,
    754 F.3d 297 (5th Cir. 2014) ............................................................................... 3, 9

*United States ex rel. Hebert v. Dizney*,
    295 F. App'x 717 (5th Cir. 2008) ............................................................................ 6

*JTH Tax, LLC v. Bazan*,
    No. 7:20-CV-32, 2021 WL 3929569 (S.D. Tex. Feb. 3, 2021) ................................ 8

*Lopez v. United Prop. & Cas. Ins.*, 197 F. Supp. 3d 944 (S.D. Tex. 2016) ....................... 5

*In re McCoy*, 666 F.3d 924 (5th Cir. 2012) .................................................................. 3, 9

*McLachlan v. New York Life Ins.*, 488 F.3d 624 (5th Cir. 2007) ....................................... 9

*In re NE 40 Partners, Ltd.*, 440 B.R. 124 (Bankr. S.D. Tex. 2010) .................................. 4

*In re Roberts*, 556 B.R. 266 (Bankr. S.D. Miss. 2016) ...................................................... 3

*In re Schwartz*, 954 F.2d 569 (9th Cir. 1992) ................................................................. 10

*Temple v. McCall*, 720 F.3d 301 (5th Cir. 2013) .............................................................. 3

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
    125 F.3d 899 (5th Cir.1997) ................................................................................... 4

*Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300 (S.D. Tex. 1999) ................................ 10

*Truly v. Austin*, 744 S.W.2d 934 (Tex. 1988) .................................................................... 8

*In re Ultra Petroleum Corp.*, 571 B.R. 755 (Bankr. S.D. Tex. 2017) ................................ 3

*United States v. Hale*, 762 F.3d 1214 (10th Cir. 2014) .................................................. 10

*In re VeraSun Energy Corp.*,
    No. 08-12606 (BLS), 2013 WL 3336870 (Bankr. D. Del. June 28, 2013) ............ 11

*United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*,
    336 F.3d 375 (5th Cir. 2003) ................................................................................... 6

*Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233 (5th Cir. 2014) ...................... 7, 8

*Williams v. WMX Techs., Inc.*,
    112 F.3d 175 (5th Cir. 1997) ........................................................................ 4, 5, 6, 7

## TABLE OF AUTHORITIES (continued)

**Statutes**

11 U.S.C. § 542 .................................................................................................................. 10

11 U.S.C. § 542(b)......................................................................................................... 10, 11

11 U.S.C. § 549 ................................................................................................................ 9, 10

Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code Ann. § 17.50(a) ........................................................................................................................ 4

**Other Authorities**

Fed. R. Bankr. P. 7009................................................................................................................ 4

Federal Rule of Bankruptcy Procedure 7012(b).............................................................. 1, 2

Federal Rule of Civil Procedure 9(b) ..................................................................... 4, 5, 6, 7

Federal Rule of Civil Procedure 12(b)(6)................................................................... *passim*

Tex. R. App. P. 47.7 Cmt. ......................................................................................................... 8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Q'Max America, Inc. and Anchor Drilling Fluids USA, LLC (collectively, "Debtors") filed chapter 7 petitions in this Court on May 24, 2020. [DE 1]. This Court ordered Debtors' cases to be jointly administered under Q'Max's bankruptcy case. [DE 10]. On May 28, 2020, the Court granted the Trustee's request for permission to operate the Debtors' business, which he described as

> operating a regional business that includes, among other things, (i) providing drilling and completion fluids, chemical additives, solids control services and equipment, waste management services and equipment, fluid engineering services and other products and services in the northeastern United States and (ii) providing solids control services and equipment in the Permian basin, in support of oil and gas drilling.

[DE 7 at 3 ¶ 7; Doc. 43]. Anchor has a large number of tanks "filled with drilling mud" located on several properties. [Adv. DE 1 at 2–3 ¶ 7]. On June 24, 2020, the Trustee sought to employ CR3 Partners ("CR3") as the exclusive restructuring and financial advisor to the Trustee, [DE 160], and the Court granted that request on July 20, 2020, [DE 248].

In December 2020, the Trustee and CR3 "approached Wise about providing a proposal sheet for cleaning services necessary to responsibly remove drilling mud from the [t]anks and clean said tanks" to prevent any further claims against Anchor for failure to return the tanks to their owners. [Adv. DE 1 at 3 ¶ 8]. Wise's services were necessary because the tanks must be cleaned before Anchor can return them. [Adv. DE 1 at 2–3 ¶¶ 7–8]. After that, on December 7, 2020, Wise began performing remediation services for the Trustee at three different locations in Texas—Midland, Three Rivers, and Pecos. [Adv. DE 1 at 3 ¶ 9].

The Trustee alleges that "[t]he pace of remediation began to slow while the cost of remediation per [] Tank increased," which "prompted CR3 to begin internally investigating Wise's performance and billing from May of 2021 forward." [Adv. DE 1 at 4–5 ¶ 13].

Specifically, "CR3 requested and received GPS data from Wise relating to Wise-owned vehicles and several rental hydro-vacs to determine whether" Wise performed all services billed in the invoices. [Adv. DE 1 at 4–5 ¶ 13]. The Trustee alleges this investigation revealed "major irregularities," purportedly illustrating that the equipment Wise used and charged for was not actually used or was not at any of the work sites. [Adv. DE 1 at 5 ¶ 14].

The Trustee claims Wise overcharged him $328,717 for services not rendered.[2] [Adv. DE 1 at 6 ¶ 19]. He brings eight causes of action all based on the alleged misrepresentations in the invoices Wise billed him. [Adv. DE 1].

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) applies to adversary proceedings. Fed. R. Bankr. P. 7012(b). A complaint must be dismissed where it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *In re Roberts*, 556 B.R. 266, 278 (Bankr. S.D. Miss. 2016) (applying *Iqbal* in bankruptcy proceeding). While courts must accept all factual allegations at the pleading stage, courts cannot accept legal conclusions couched as factual allegations. *Id.* at 678–79. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim that will overcome a motion to dismiss under Rule 12(b)(6). *Id.* at 679 (citation omitted).

A claim is also subject to dismissal under Rule 12(b)(6) where it is not "legally cognizable." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) ("Our task, then, is to

---

[2] The Trustee claims damages for $1,584,166, but he only connects $328,717 to the purported misrepresentations. [DE 669 at 6 ¶ 19]. The rest of the damages amounting to $1,255,449 appear to be an estimate of his damages if it is shown that Wise made similar misrepresentations stretching back to the beginning of the parties' relationship. [DE 669 at 6 ¶ 19]. However, the Trustee makes no allegations of misconduct related to the parties' relationship before May 2021, so the Trustee has stated no claims to support any damages beyond the $328,717 that he links to the alleged misconduct that purportedly occurred in May 2021 and onward.

determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."). Naturally, if a claim does not exist as a matter of law, then it is not one upon which relief can be granted. *See id.* at 926, 932.

## III. ARGUMENT

The Trustee has failed to state any claim that is both plausible and legally cognizable. *See McCoy*, 666 F.3d at 926. Thus, the complaint must be dismissed. Fed. R. Civ. P. 12(b)(6).

Preliminarily, the Trustee has raised a number of claims under Texas law. [Adv. DE 1 at 7–10 ¶¶ 22–43 (counts 1–6)]. Where a claim arises under state law, a federal court applies the substantive law of that state—here Texas—while federal law applies to any procedural issues. *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006); *In re Ultra Petroleum Corp.*, 571 B.R. 755, 761 (Bankr. S.D. Tex. 2017). In determining state law, only the decisions of the state's highest court are controlling. *Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013). If the state's highest court has not authoritatively addressed an issue of state law, federal courts must make an "*Erie* guess" by considering intermediate appellate decisions and, "among other sources, treatises, decisions from other jurisdictions, and the 'majority rule.'" *GE Cap. Com., Inc. v. Worthington Nat'l Bank*, 754 F.3d 297, 303, 311 (5th Cir. 2014) (citation omitted).

### A. The Trustee's claim for violation of the Texas Deceptive Trade Practices Act, fraud, and negligent misrepresentation must be dismissed for failure to comply with Federal Rule of Civil Procedure 9(b).

Rule 12(b)(6) requires dismissal for failure to comply with Federal Rule of Civil Procedure 9(b). *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir.1997); Fed. R. Bankr. P. 7009 (incorporating Rule 9's pleading requirements). "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Fifth Circuit applies Rule 9(b) "with force" and "without apology." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th

Cir. 1997). Rule 9(b)'s "particularity" requirement means that plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *In re NE 40 Partners, Ltd.*, 440 B.R. 124, 128 (Bankr. S.D. Tex. 2010) (quoting *Williams*, 112 F.3d at 177; other citation omitted).

The Trustee asserts claims for (1) violation of the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code Ann. § 17.50(a) (West) (count 1); (2) fraud (count 5); and (3) negligent misrepresentation (count 6). [Adv. DE 1]. The Trustee bases each of these claims on his allegation that Wise made misrepresentations in billing invoices about the services it performed. [Adv. DE 1 at 4–6 ¶¶ 13–21; 9 ¶ 35; 10 ¶ 42]. Thus, Rule 9(b) applies to each of these claims.[3] *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (collecting cases); *accord Lopez v. United Prop. & Cas. Ins.*, 197 F. Supp. 3d 944, 951 (S.D. Tex. 2016) (stating Rule 9(b) applies to DTPA).

The Trustee's DTPA, fraud, and negligent misrepresentation claims do not comply with Rule 9(b). [Adv. DE 1 at 4–6 ¶¶ 13–21; 9 ¶ 35; 10 ¶ 42]. The complaint only offers generalized allegations that Wise made misrepresentations in its billing invoices and does not specify the "who, what, when, where, and how" related to these alleged misrepresentations, a fatal pleading defect under Rule 9(b). *See Williams*, 112 F.3d at 179 (citation omitted).

---

[3] Rule 9(b) applies where a party "alleg[es] fraud"—not just fraud claims—and thus requires that a party making such allegations to "state with particularity the *circumstances* constituting fraud." Fed. R. Civ. P. 9(b) (emphasis added). It therefore applies to the Trustee's negligent misrepresentation and DTPA claims because those claims are predicated solely on the same allegations as the fraud claim, namely that Wise made misrepresentations in invoices Wise billed to the Trustee. [Doc. 669 at 6–10 ¶¶ 20, 26, 37, 42]; *see Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 360 (5th Cir. 2017) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." (citation omitted)); *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir.) (stating Rule 9(b) applies to negligent misrepresentation claim when it is based on the "same set of alleged facts"), *opinion modified*, 355 F.3d 356 (5th Cir. 2003).

-4-

Indeed, the Trustee has raised *no* specific allegations about any particular misrepresentation and instead vaguely alleges that there were "major irregularities between the work performed versus the work billed." [Adv. DE 1 at 4–5 ¶¶ 13–14 ]. The Trustee also alleges that Wise billed the Trustee for equipment that it did not use and "charg[ed] for time when the equipment was not even at" the work sites. [Adv. DE 1 at 5 ¶ 13–14]. Yet again, the Trustee does not connect this allegation to any specific alleged misrepresentation in any invoice. Even the Trustee's explicit attempt to comply with Rule 9(b) falls flat. [*See* Adv. DE 1 at 6 ¶ 35]. He claims that there are "significant discrepancies between the Services rendered by Wise and value received by the estate," which he asserts is pleaded with sufficient particularity under Rule 9(b). [Adv. DE 1 at 9 ¶ 35]. This contention, even if accepted as true for pleading purposes, does not describe any specific alleged misrepresentation and is nothing more than a generalized allegation that Rule 9(b) expressly precludes. In short, the Trustee has simply failed to identify any specific misrepresentation. [*See* Adv. DE 1 at ¶¶ 13–21; 9 ¶ 35; 10 ¶ 42].

This failure alone is fatal under Rule 9(b) because, without citing a specific alleged misrepresentation, the Trustee necessarily has not identified the content of any alleged misrepresentation. *See Williams*, 112 F.3d at 179 (stating the "failure . . . to identify specific statements made by any of the defendants is fatal to [plaintiffs'] action" under Rule 9(b) (citation omitted)); *In re Am. Int'l Refinery*, 402 B.R. 728, 739 (Bankr. W.D. La. 2008) ("Rule 9(b) requires that Plaintiffs identify the content of the specific statements alleged to be fraudulent . . . ." (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994))). The Fifth Circuit determined that a virtually identical allegation—that defendants "knowingly made false reports in connection with a claim for payment"—was a "general statement[]" that did not comply with Rule 9(b) because it, and other allegations, did "not point with specificity to the 'what'" of any misrepresentation. *United States ex rel. Hebert v. Dizney*, 295 F. App'x 717, 722 (5th Cir. 2008). Here too, the Trustee has merely

-5-

alleged that Wise made misrepresentations in invoices, a general statement akin to the one the Fifth Circuit rejected in *Hebert*, that does not describe the "what" or "how" of any false claim, and thus, does not satisfy Rule 9(b).

Given that the Trustee has not identified a single misrepresentation, it is not surprising that the Trustee's allegations do not sufficiently specify the who, where, or when behind the purported misrepresentations either. The Trustee failed to describe who at Wise made the misrepresentation. *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 385 (5th Cir. 2003) (stating that pleading did not comply with Rule 9(b) where plaintiff failed to specify "who" within the defendant entity made the misrepresentation). Additionally, the Trustee offered a months-long range in which the purported misrepresentations occurred, which does not sufficiently describe "when" any misrepresentation occurred for purposes of Rule 9(b). *Webb v. Everhome Mortg.*, 704 F. App'x 327, 330 (5th Cir. 2017) (affirming dismissal where plaintiff offered range of months for when purported misrepresentations occurred but did not provide "exact date[s]" for specific misrepresentations). And failure to state where the misrepresentation occurred is also fatal under Rule 9(b). *Williams*, 112 F.3d at 178–79 (stating allegations were insufficient under Rule 9(b) where they did "not state a place or time that the[] misrepresentations were made"); *see also id.* at 179 (concluding that allegations that there were misrepresentations in excerpts of newspaper articles plaintiff attached to complaint did not satisfy "the 'who, what, when, where, and how' required by Rule 9(b)" (citation omitted)). The Trustee did not comply with Rule 9(b) given his failure to describe the who, where, or when of any specific alleged misrepresentation.

"*At a minimum*, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *Doe*, 343 F.3d at 328 (emphasis added) (citation omitted). By failing to detail any specific misrepresentation and instead vaguely eluding to unattributed misrepresentations in invoices over the course of several months, the Trustee

-6-

has not complied with Rule 9(b)'s requirement to specify the "who, what, when, where, and how" of the purported misrepresentations. *See id.* at 328–30 (citation omitted) (holding that plaintiff did not comply with Rule 9(b) given failure to describe any specific misrepresentation). Indeed, Wise has no way of answering these allegations of misrepresentations because it has no notice of what the purported misrepresentations even are, when they were made, in what invoice they were made, or what charge is disputed in a particular invoice. *See Williams*, 112 F.3d at 180 (stating allegations did not comport with Rule 9(b) where they failed to provide defendants notice of their misrepresentations); *Blessett v. Garcia*, 816 F. App'x 945, 952–53 (5th Cir. 2020) (concluding plaintiff's failure to detail specific misrepresentation was fatal under Rule 9(b) and noting Rule 9(b) is designed to "provide[] defendants with fair notice" (alteration in original) (citation omitted)). Accordingly, the claims for violation of the DTPA, fraud, and negligent misrepresentation must be dismissed given the Trustee's failure to meet Rule 9(b)'s pleading standard.

> **B. The Trustee has not stated a plausible claim for breach of contract because he has failed to point to any specific contractual provision that Wise violated.**

"The elements of a breach of contract claim" under Texas law "are '(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach.'" *Brooks v. Excellence Mortg., Ltd.*, 486 S.W.3d 29, 36 (Tex. App. 2015) (citation omitted). The plaintiff must also raise a specific violation of a particular contractual provision. *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached." (citation omitted)); *JTH Tax, LLC v. Bazan*, No. 7:20-CV-32, 2021 WL 3929569, at *3 (S.D. Tex. Feb. 3, 2021) ("Absent identification of the contractual

provision breached, . . . Bazan's pleading is too speculative to state a plausible claim for relief." (citations omitted)).

Here, the Trustee has not stated a plausible breach of contract claim because he has failed to allege that Wise breached any specific contractual provision that governed the parties' conduct in May, June, or July of 2021. *See Williams*, 560 F. App'x at 238; *JTH Tax, LLC*, 2021 WL 3929569, at *3. The Trustee's breach of contract claim must therefore be dismissed for failure to state a claim.

### C. The Trustee has not stated a claim for relief for quantum meruit because he provided no service to Wise.

"Quantum meruit is an equitable theory of recovery based on an implied agreement to pay for benefits *received*." *Collins & Aikman Floorcoverings, Inc. v. Thomason*, 256 S.W.3d 402, 407 (Tex. App. 2008) (emphasis added) (citations omitted). "To recover in quantum meruit, the plaintiff must show that his efforts were undertaken for the person sought to be charged; it is not enough to merely show that his efforts benefitted the defendant." *Truly v. Austin*, 744 S.W.2d 934, 937 (Tex. 1988) (citation omitted).

Accordingly, the Trustee cannot recover under quantum meruit because he provided no service to Wise. *See id.* at 938 (explaining that plaintiff can only seek quantum meruit against one "whose benefit the services were performed"); *see also Collins & Aikman Floorcoverings, Inc.*, 256 S.W.3d at 413–14 (holding plaintiff had no right to recovery under quantum meruit when it was undisputed that plaintiff provided no service); *B-F Invs. v. Jaynes, Reitmeier, Boyd & Therrel, P.C.*, No. 01-95-00685-CV, 1996 WL 434011, at *6 n.2 (Tex. App. Aug. 1, 1996)[4] ("We cannot see how the Feldmans can assert a claim for quantum meruit when they have furnished no services or materials to JRBT or O-M." (citation omitted)). The quantum meruit claim must be dismissed for failure to state a claim.

---

[4] Unpublished decisions issued after 2003 have persuasive authority under Texas law. Tex. R. App. P. 47.7 Cmt. to 2008 Change ("All opinions and memorandum opinions in civil cases issued after the 2003 amendment have precedential value.").

-8-

### D. The Trustee's unjust enrichment claim is not legally cognizable, and thus, must be dismissed.

The majority of Texas courts hold that there is no independent cause of action for unjust enrichment under Texas law. *See Davis v. OneWest Bank N.A.*, No. 02-14-00264-CV, 2015 WL 1623541, at *1 (Tex. App. Apr. 9, 2015); *see also Argyle ISD ex rel. Bd. of Trustees v. Wolf*, 234 S.W.3d 229, 246 (Tex. App. 2007) ("Unjust enrichment, itself, is not an independent cause of action but rather 'characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances that give rise to an implied or quasi-contractual obligation to repay.'" (collecting cases)). *But cf. Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95, 111 (Tex. App. 2013) ("This court has previously held that unjust enrichment is an independent cause of action." (citations omitted)). When a state's highest court has not authoritatively addressed an issue, federal courts must make an "*Erie* guess," and they consider intermediate state court decisions as well as "treatises, decisions from other jurisdictions, and the 'majority rule.'" *GE Cap. Com., Inc.*, 754 F.3d at 303, 311 (citation omitted); *see also McLachlan v. N.Y. Life Ins.*, 488 F.3d 624, 629 (5th Cir. 2007) (relying, in part, on view of "overwhelming majority of courts" in applying state law under *Erie*). Here, while there has been some judicial recognition of unjust enrichment claims in Texas, the weight of authority in Texas supports that the claim does not exist for purposes of the *Erie* guess. *See GE Cap. Com., Inc.*, 754 F.3d at 303, 311; *McLachlan*, 488 F.3d at 629. Accordingly, the unjust enrichment claim must be dismissed as it is not legally cognizable. *See McCoy*, 666 F.3d at 926, 932.

### E. The Trustee's claim that transfers from the bankruptcy estate can be avoided pursuant to 11 U.S.C. § 549 fails because a transfer can only be avoided under § 549 where it was debtor-initiated.

"The purpose of section 549 . . . is to provide a just resolution when the debtor himself initiates an unauthorized postpetition transfer. The general rule in such situations is that the trustee is authorized to avoid the transfer in order to protect the creditors." *In re Abusaad*, 309 B.R. 895, 900 (Bankr. N.D. Tex. 2004) (alteration in original) (quoting

-9-

*40235 Washington St. Corp. v. Lusardi*, 329 F.3d 1076, 1081 (9th Cir. 2003)). "Section 549 exists as a protection for creditors against unauthorized debtor transfers of estate property." *In re Schwartz*, 954 F.2d 569, 574 (9th Cir. 1992); *see also United States v. Hale*, 762 F.3d 1214, 1223 (10th Cir. 2014) (collecting cases supporting "the application of § 549 to an alleged *debtor-initiated*, post-petition transfer of property" (citation omitted) (emphasis added)).

Here, the *Trustee*, not Debtors, initiated the transfers to Wise from the bankruptcy estate. Indeed, in essence, the Trustee's claim is that *he* made an unauthorized transfer that he has now decided he should not have made. Section 549 does not cover these circumstances because it applies only to debtor-initiated transfers. *See Abusaad*, 309 B.R. at 900; *see also 40235 Washington St. Corp.*, 329 F.3d at 1081; *In re Schwartz*, 954 F.2d at 574; *Hale*, 762 F.3d at 1223. Accordingly, § 549 is inapplicable here, and the § 549 claim must be dismissed.

### F. The Trustee cannot prevail in a turnover proceeding brought under 11 U.S.C. § 542(b) because his claim for $1,106,406 is still in dispute.

"Congress intended 11 U.S.C. § 542 to apply to claims for 'tangible property and money due to the debtor *without dispute which are fully matured and payable on demand*.'" *Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300, 320 (S.D. Tex. 1999)[5] (emphasis added) (quoting *In re Charter Co.*, 913 F.2d 1575, 1579 (11th Cir. 1990)). "Unless and until [the] claims against [a] defendant[a] are liquidated in a court of competent jurisdiction or by agreement, they cannot be enforced here through a turnover order." *Id.* (citations omitted). Section 542(b) is inapplicable where the claim "is contingent on a judgment establishing liability" because such claims have not matured. *See id.* (citation omitted); *see also In re VeraSun Energy Corp.*, No. 08-12606 (BLS), 2013 WL 3336870, at *4 (Bankr. D. Del. June 28, 2013) ("The Court finds that West Plains has articulated a 'bona fide dispute' as

---

[5] *In re DePugh*, 409 B.R. 125, 131 & n.5 (Bankr. S.D. Tex. 2009) (noting that district court decisions are binding precedent for bankruptcy courts within the same district).

-10-

to the amount claimed by the Plaintiffs and therefore, this is not a proper turnover action."). Because the Trustee has not prevailed on any claim against Wise supporting his right to a turnover, his § 542(b) claim must be dismissed as premature.

### IV.     CONCLUSION

The Trustee has not stated any "claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Accordingly, Wise respectfully requests that the Court dismiss the Trustee's Complaint [Adv. DE 1].

DATED:  October 25, 2021.                           FENNEMORE CRAIG. P.C.

By: /s/ *J. Christopher Gooch*
    Christopher Gooch (No. 019101)
    Anthony W. Austin (No. 25351)
    2394 E. Camelback Rd., Ste. 600
    Phoenix, AZ 85016
    Phone: (602)-916-5000
    cgooch@fennemorelaw.com
    aaustin@fennemorelaw.com
    *Attorneys for Wise Services*

-12-

## CERTIFICATE OF SERVICE

       I hereby certify that Notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, and to the parties listed below via electronic mail as shown on October 25, 2021.

John F. Higgins, IV
Porter Hedges LLP
100 Main St., Ste. 3600
Houston, TX 77002-6336
Email: jhiggins@porterhedges.com
*Attorneys for Debtors*

Jarrod B. Martin
1200 Smith Street, Ste. 1400
Houston, TX 77002
Jarrod.martin@chamberlainlaw.com
*Counsel for Christopher R. Murray,
Chapter 7 Trustee*

                                                  */s/ Gidget Kelsey*
                                                  *An employee of Fennemore Craig, P.C.*